## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TOMAHAWK OIL AND GAS | ) | |
| MARKETING, LLC, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| DOUGLAS GOULD, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1455-M |
| | ) | BK Case No. 14-15055-SAH |
| | ) | ADV. PRO. 15-01220-SAH |
| | ) | Chapter 7 |
| BENJAMIN DILLARD, | ) | |
| TOMAHAK GATHERING, LLC, | ) | |
| HGM, LLC, and | ) | |
| MUSTANG GAS PRODUCTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On November 22, 2016, United States Bankruptcy Judge Sarah A. Hall issued a Report and Recommendation on trustee Douglas Gould's ("Trustee") and defendant Mustang Gas Products, LLC's ("Mustang") cross motions for summary judgment [docket nos. 73 and 74]. In the Report and Recommendation, the Bankruptcy Judge recommended the following:

> 1. Trustee is not entitled to summary judgment on his alter ego claim because it is not supported by undisputed material[] facts, and thus it involves factual questions that must be resolved by the trier of fact;

2. Trustee is entitled to summary judgment on his claim for avoidance of the Dillard Withdrawals from debtor Marketing as actually fraudulent under Section 548(a)(1)(A); further, Trustee is entitled to summary judgment allowing him to recover those withdrawals from Dillard under Section 550(a) in an amount to be determined at trial;

3. Absent a ruling on the alter ego status of the Corporations, Trustee is not entitled to summary judgment on his claim for avoidance of the Dillard Withdrawals from Gathering or HGM under section 548(a)(1)(A) because those entities are not debtors in bankruptcy.

4. Trustee is entitled summary judgment on his claim for avoidance of the $400,000 in cash wire transferred from Marketing to HGM as actually fraudulent under Section 548(a)(1)(A); further Trustee is entitled to summary judgment allowing him to recover the $400,000 from HGM as an initial transferee pursuant to Section 550;

5. Trustee is not entitled to summary judgment on his claim for avoidance of the alleged transfer of Marketing's business or business opportunities to HGM as actually fraudulent under Section 548(a)(1)(A) because he did not submit sufficient undisputed material facts to support such transfer or the potential value of what was allegedly transferred;

6. Mustang is not entitled to summary judgment on its good faith defenses under either Section 548(c) or Section 550(b) because they are not supported by undisputed material[] facts, and thus they involve factual questions that must be resolved by the trier of fact; and

7. Trustee is entitled to summary judgment against Mustang with respect to its affirmative defense under the Oklahoma Oil and Gas Lien Act of 2010.

Report and Recommendation at 47-48.

On December 6, 2016, Mustang filed its objection to the Report and Recommendation, and on December 20, 2016, Trustee filed his response to Mustang's objection. Mustang lodges the following objections to the Report and Recommendation: (1) the Bankruptcy Court erred by finding that the indirect benefit rule does not apply to Trustee's avoidance action based on actual fraud under §548(a)(1)(A); (2) the Bankruptcy Court failed to address Mustang's motion for summary judgment on Trustee's avoidance action based on constructive fraud under §548(a)(1)(B); (3) the Bankruptcy Court's conclusion that Trustee is entitled to summary judgment against HGM regarding the wire transfers from Marketing to HGM is erroneous; (4) the Bankruptcy Court's recommendations are based on the faulty assumption that Superior is a creditor of Tomahawk Marketing, which can only be true if the Court applies "Reverse Veil Piercing" to impose alter ego liability; and (5) the Bankruptcy Court erroneously struck the Affidavit of Mustang's expert, Harry Potter.

Having reviewed this matter *de novo*, the Court:

(1) ADOPTS the through Report and Recommendation [docket no. 1-61] issued by the Bankruptcy Judge on December 6, 2016;

(2) DENIES Mustang's Motion for Summary Judgment and Brief in Support [docket no. 1-8]; and

(3) GRANTS IN PART AND DENIES IN PART Trustee's Motion for Summary Judgment and Brief in Support [docket no. 1-9] as follows:

    a. GRANTS Trustee's Motion for Summary Judgment as to his claims that Dillard's withdrawals from Marketing were actually fraudulent under Section 548(a)(1)(A) and, therefore, the Court finds that Trustee is entitled to recover those withdrawals from Dillard under Section 550(a) in an amount to be determined at trial.

b. GRANTS Trustee's Motion for Summary Judgment as to his claims for avoidance of the $400,000 in cash wire transfer from Marketing to HGM as actually fraudulent under Section 548(a)(1)(A) and, therefore, the Court finds that Trustee is entitled to recover the $400,000 from HGM as an initial transferee, pursuant to section 550.

c. GRANTS Trustee's Motion for Summary Judgment against Mustang with respect to Mustang's affirmative defense under the Oklahoma Oil and Gas Lien Act of 2010.

d. DENIES Trustee's Motion for Summary Judgment on (1) his alter ego claim; (2) his claim for avoidance of the Dillard Withdrawals from Gathering or HGM under Section 548(a)(1)(A); and (3) his claim for avoidance of the alleged transfer of Marketing's business or business opportunities to HGM as actually fraudulent under Section 548(a)(1)(A).

**IT IS SO ORDERED this 20th day of March, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE